## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION

125 Broad Street – 18th Floor
New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

125 Broad Street – 18th Floor
New York, NY 10004,

NATIONAL ASSOCIATION OF CRIMINAL
DEFENSE LAWYERS

1660 L St., NW – 12th Floor
Washington, DC 20036

                    Plaintiffs,

      v.

OFFICE OF THE DEPUTY ATTORNEY
GENERAL DEPARTMENT OF JUSTICE

950 Pennsylvania Avenue, N.W., Room 4111
Washington, DC 20530

CRIMINAL DIVISION
DEPARTMENT OF JUSTICE

950 Pennsylvania Avenue, N.W.
Washington, DC 20530

EXECUTIVE OFFICE FOR UNITED STATES
ATTORNEYS DEPARTMENT OF JUSTICE

950 Pennsylvania Avenue, N.W., Room 2242
Washington, DC 20530

                    Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552** *et seq.*

Civil Action No. 24-1656

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
### (Freedom of Information Act, 5 U.S.C. § 552 et seq. )

1.    Plaintiffs American Civil Liberties Union, and American Civil Liberties Union Foundation (together, the "ACLU") and the National Association of Criminal Defense Lawyers ("NACDL") (together, Plaintiffs) bring this action against the Office of the Deputy Attorney General of the United States Department of Justice ("DAG"), the Criminal Division of the United States Department of Justice ("Criminal Division"), and the Executive Office for United States Attorneys of the United States Department of Justice ("EOUSA") (together, Defendants) under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs seek declaratory and injunctive relief to compel compliance with the requirements of FOIA to immediately release records pertaining to the Department of Justice's ("DOJ") implementation of Attorney General Garland's December 16, 2022, Charging and Sentencing Memoranda (collectively "Memoranda").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and authority to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has personal jurisdiction over the parties. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3.    The American Civil Liberties Union is a nationwide non-profit organization with over one million members dedicated to protecting the civil liberties and civil rights of all Americans, including the rights of people charged with criminal offenses. The ACLU is

1

also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and civil rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU's work and one of its primary activities.

4.    Plaintiff American Civil Liberties Union Foundation is an affiliated non-profit organization that shares the goals of the ACLU and engages in litigation and public education to support those goals.

5.    Plaintiff National Association of Criminal Defense Lawyers is a professional bar association dedicated to promoting rational and humane criminal justice policies for America. Its 10,000 direct members and 40,000 state, local, and international affiliate members include public defenders, private criminal defense lawyers, active-duty military defense counsel, judges, and law professors who support NACDL's mission to promote the proper and fair administration of criminal justice; ensure justice and due process for persons accused of crime; and foster the integrity, independence and expertise of the criminal defense profession.

6.    The Office of the Deputy Attorney General of the United States Department of Justice is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). It has possession, custody, and control of some or all of the records Plaintiffs seek in this action.

7.    The Criminal Division of the United States Department of Justice is a department of the executive branch of the U.S. government and is an agency within the meaning of 5

2

U.S.C. § 552(f)(1). It has possession, custody, and control of some or all of the records Plaintiffs seek in this action.

8.    The Executive Office for United States Attorneys of the United States Department of Justice is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). It has possession, custody, and control of some or all of the records that Plaintiffs seek in this action.

## FACTS

### Background

9.    On December 16, 2022, Attorney General Garland issued two memoranda to all federal prosecutors: General Department Policies Regarding Charging, Pleas, and Sentencing ("General Memo"),[1] and Additional Department Policies Regarding Charging, Pleas, and Sentencing in Drug Cases ("Drug Memo"),[2] (together, "Memoranda"). The Memoranda require all federal prosecutors to make important changes in how they litigate criminal cases, and accordingly, have been the subject of widespread public

---

[1] Off. of the Att'y Gen., DOJ, General Department Policies Regarding Charging, Pleas, and Sentencing (Dec. 16, 2022), https://www.justice.gov/d9/2022-12/attorney_general_memorandum_-_general_department_policies_regarding_charging_pleas_and_sentencing.pdf.
[2] Off. of the Att'y Gen., DOJ, Additional Department Policies Regarding Charging, Pleas, and Sentencing in Drug Cases (Dec. 16, 2022), https://www.justice.gov/d9/2022-12/attorney_general_memorandum_-_additional_department_policies_regarding_charges_pleas_and_sentencing_in_drug_cases.pdf.

controversy and media attention.[3] The policies in the Memoranda have now been in effect for over one year.[4]

10. In the Memoranda, the Attorney General directed federal prosecutors to only charge offenses with mandatory minimum sentences when "the remaining charges (*i.e.*, those for which the elements are also satisfied by the defendant's conduct, and do not carry mandatory minimum terms of imprisonment) would not sufficiently reflect the seriousness of the defendant's criminal conduct, danger to the community, harm to victims, or other considerations . . . ."[5] Further, "[a]ny decision to include a mandatory minimum charge in a charging document or plea agreement must [] obtain supervisory approval."[6]

11. With respect to controlled substances offenses in particular, the Attorney General has instructed that "in cases in which Title 21 mandatory minimum sentences are applicable

---

[3] *See, e.g.*, Glenn Thrush, *Justice Dept. Revises Rules for Drug Cases to Address Racial Disparities*, N.Y. Times (Dec. 16, 2022), https://www.nytimes.com/2022/12/16/us/politics/justice-dept-crack-cocaine.html; David Nakamura, *U.S. Attorney General Moves to End Sentencing Disparities on Crack, Powder Cocaine*, Wash. Post (Dec. 16, 2022, 2:21 PM), https://www.washingtonpost.com/national-security/2022/12/16/doj-cocaine-garland/; Associated Press, *Garland Moves to End Disparities in Crack Cocaine Sentencing*, U.S. News (Dec. 17, 2022), https://www.usnews.com/news/politics/articles/2022-12-16/garland-moves-to-end-disparities-in-crack-cocaine-sentencing; Hannah Rabinowitz, *Attorney General Garland Instructs Prosecutors to End Sentencing Disparities Between Crack and Powder Cocaine*, CNN (Dec. 16, 2022, 4:30 PM), https://www.cnn.com/2022/12/16/politics/crack-powder-cocaine-sentencing-disparities/index.html; Steve Marshall, *Biden's Latest Surrender on Public Safety Puts Us All at Risk*, Fox News (Jan. 17, 2023, 12:00 PM), https://www.foxnews.com/opinion/biden-latest-surrender-public-safety-risk; Michael Waldman, *Garland Takes on Mandatory Minimums*, Brennan Ctr. for Just. (Jan. 11, 2023), https://www.brennancenter.org/our-work/analysis-opinion/garland-takes-mandatory-minimums; *US Attorney General Calls for End to Cocaine Sentencing Disparity*, Al Jazeera (Dec. 16, 2022), https://www.aljazeera.com/news/2022/12/16/us-attorney-general-calls-for-end-to-cocaine-sentencing-disparity.
[4] General Memo at 6 ("The policies contained in this memorandum and the accompanying memorandum regarding drug cases apply to all prosecutions initiated no later than 30 days after the issuance of these memoranda.").
[5] *Id.* at 3.
[6] *Id.* at 4.

based on drug type and quantity, prosecutors should decline to charge the quantity necessary to trigger a mandatory minimum sentence if the defendant satisfies" certain criteria.[7] Further, "[i]n cases in which prosecutors determine that some but not all of the criteria are satisfied, prosecutors should not automatically charge the quantity necessary to trigger the mandatory minimum, but rather weigh the considerations set forth in th[e] memorandum and the General Policies Memorandum to carefully determine, through the exercise of their discretion and in consultation with their supervisors, whether a Title 21 charge with a mandatory minimum sentence is appropriate."[8] With respect to certain recidivist enhancements, the Attorney General has directed that "[i]n deciding whether to file an information under 21 U.S.C. § 851 requiring imposition of enhanced statutory penalties, prosecutors in drug cases should be guided by the same criteria discussed above for charging mandatory minimum offenses, as well as whether the filing would create a significant and unwarranted sentencing disparity with equally or more culpable co-defendants."[9]

12.    In these Memoranda, the Attorney General stated unequivocally that "[t]he Justice Department supports elimination of the crack-to-powder sentencing disparity,"[10] and has taken the position that "[i]f charging a mandatory minimum term of imprisonment under Title 21 for a drug offense involving crack cocaine is deemed warranted under this memorandum, prosecutors should charge the pertinent statutory quantities that apply to powder cocaine offenses[,] . . . advocate for a sentence consistent with the guidelines for powder cocaine rather than crack cocaine[, and] . . . generally support a variance to the

---

[7] Drug Memo at 1.
[8] *Id.* at 2.
[9] *Id.* at 3
[10] *Id.* at 4.

guidelines range [for crack cocaine] that would apply to the comparable quantity of powder cocaine."[11]

13. The Memoranda instruct the Deputy Attorney General's Office, the Executive Office for United States Attorneys, and the Criminal Division to institute training, implementation, reporting, and transparency measures to ensure that all federal prosecutors adopt and consistently apply the Attorney General's policies.[12]

**Plaintiffs' FOIA Request**

14. On March 5, 2024, Plaintiffs submitted a FOIA Request (attached as Exhibit A) to DAG, EOUSA, and the Criminal Division, seeking the release of records providing information about the implementation of the Memoranda. The Request seeks the following records:

a.      All data[13] —including but not limited to the statute and subsection(s) of each charge—that exists in the software program DOJ has developed "that enables real-time, trackable reporting by districts and litigating divisions of all charges brought by the Department that include mandatory minimum sentences."[14]

b.      All policy directives, guidance documents, legal memoranda, policy memoranda, training materials, guidelines for running searches, guidelines for monitoring, or similar records concerning the data and software referenced above in (a).

c.      All information[15]—including but not limited to the statute and subsection(s) of each charge— that the Executive Office for United States Attorneys has received from United States Attorney's Offices and litigating divisions to comply with the requirement that "each

---

[11] *Id.* at 5.
[12] *Id.* at 4-5; Drug Memo at 5.
[13] Plaintiffs do not seek any personal identifying information.
[14] General Memo at 4.
[15] Plaintiffs do not seek any personal identifying information.

United States Attorney's Office and litigating division must report semi-annually to the Executive Office for United States Attorneys the number and percentage of charging documents and plea agreements in which it has included mandatory minimum charges."[16]

d.      All policies that the Executive Office for United States Attorneys has received from districts or divisions to comply with the requirement that "[a]ll district-or division-specific policies must be readily available to prosecutors and shared with the Executive Office for United States Attorneys."[17]

e.      All further guidance the Deputy Attorney General has issued to comply with the requirement that "[t]he Deputy Attorney General will oversee implementation of these memoranda and will issue further guidance as appropriate."[18]

f.      All further guidance the Criminal Division and the Executive Office for United States Attorneys has issued to comply with the requirement that "[t]he Criminal Division and the Executive Office for United States Attorneys will issue further guidance on how to structure [] charges" to comply with the requirement that "[i]f charging a mandatory minimum term of imprisonment under Title 21 for a drug offense involving crack cocaine is deemed warranted under this memorandum, prosecutors should charge the pertinent statutory quantities that apply to powder cocaine offenses."[19]

15.   Plaintiffs sought expedited processing of the Request on the ground that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to

---

[16] General Memo at 4.
[17] *Id*. At 5.
[18] *Id*. At 6.
[19] Drug Memo at 5.

inform the public about actual or alleged federal government activity. 5 U.S.C. § 552(a)(6)(E).

16.     Plaintiffs sought a waiver of document search, review, and duplication fees on the grounds that disclosure of the requested records is in the public interest and that disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The Memoranda appear to reflect the Attorney General's intent to narrow the circumstances in which DOJ charges offenses that carry mandatory minimum sentences, and to prospectively ameliorate the harms caused by the statutory sentencing disparity between crack and powder cocaine, which "is still responsible for unwarranted racial disparities" and "higher penalties for crack cocaine offenses are not necessary to achieve (and actually undermine) [DOJ's] law enforcement priorities."[20] The information Plaintiffs have requested will demonstrate whether and to what extent various offices and actors within DOJ are complying with the Attorney General's directives. Furthermore, Plaintiffs are organizations engaged in disseminating information in order to inform the public about actual or alleged government activity. None of this information is currently available to the public. Plaintiffs have not filed the Request to further their commercial interest. As described above, Plaintiffs are noncommercial organizations, and will make significant information obtained from the Request available to the public at no cost.

---

[20] *Id.* at 4.

17.    Plaintiffs also sought a waiver of search, review, and duplication fees on the grounds that they qualify as a "representative of the news media" and the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii)(II).

**Defendants' Responses**

18.    Defendants have not released any records in response to the Request. Under FOIA, Defendants ordinarily have twenty working days to respond to a request, and have an additional ten working days if certain "unusual circumstances" apply. 5 U.S.C. § 552(a)(6)(A)(i), (B)(i). More than thirty working days have passed since Plaintiffs submitted the Request. Thus, even if unusual circumstances apply here, the statutory time period for response has elapsed.

*Deputy Attorney General Response*

19.    On March 8, 2024, the Office of Information Policy ("OIP") (on behalf of DAG) acknowledged that it received the Request on March 5, 2024, assigned it Request No. 2024-01430, and denied expedited processing. In addition, OIP designated the Request as complex, as it determined that the "request falls within 'unusual circumstances'" because it "requires a search in another Office, consultations with other Department components or another agency, and/or involves a voluminous amount of material." Citing 5 U.S.C. § 552 (a)(6)(B)(i)-(iii) (2018).

20.    Plaintiffs appealed the expedited processing denial on March 16, 2024, and OIP denied the appeal on March 21, 2024.

21.    No records have been produced in response to this request.

*Executive Office for United States Attorneys Response*

22.   On March 5, 2024, EOUSA acknowledged that it received the Request and assigned it Request No. EOUSA-2024-001365.

23.   On March 6, 2024, EOUSA designated the Request as complex stating that the "records you seek require a search in one or more field offices and potentially involves voluminous records and/or requires consultation with another agency/component with a substantial interest in the subject-matter and therefore falls within 'unusual circumstances.'" Citing 5 U.S.C.S § 552(a)(6)(B)(i)-(iii).

24.   On March 8, 2024, EOUSA denied expedited processing. Plaintiffs appealed on March 16, 2024, and OIP denied the appeal on March 21, 2024.

25.   No records have been produced in response to this request.

*Criminal Division Response*

26.   On April 16, 2024, the Criminal Division acknowledged that it received the Request on March 5, 2024, assigned it Request No. CRM-302061297, and denied expedited processing.

27.   No records have been produced in response to this request.

### CLAIM FOR RELIEF

28.   The failure of Defendants to make a reasonable effort to search for records responsive to the Request violates the FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

29.   The failure of Defendants to promptly make available the records sought by the Request violates the FOIA, 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A), and Defendants' corresponding regulations.

30.     The failure of Defendants to process Plaintiffs' request expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

31.     The failure of Defendants to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates the FOIA, 5 U.S.C. §§ 552(a)(4), (a)(6), and Defendants' corresponding regulations.

32.     The failure of Defendants to grant Plaintiffs' request for a limitation of fees violates the FOIA, 5 U.S.C. §§ 552(a)(4), (a)(6), and Defendants' corresponding regulations.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Declare unlawful the Defendants' failure to comply with FOIA;

B.      Declare that Plaintiffs are entitled to disclosure of the requested records;

C.      Order Defendants to immediately process Plaintiffs' requests and disclose, in their entirety, unredacted versions of all records responsive to Plaintiffs' requests except for any portions that are specifically exempt from disclosure under FOIA;

D.      Enjoin Defendants from charging Plaintiffs search, review or duplication fees for the processing of the requests;

E.      Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' requests;

F.      Retain jurisdiction of this action to ensure that no agency records are wrongfully withheld;

G.      Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

H.      Grant such other and further relief as the Court may deem just and proper.

11

June 6, 2024                                    Respectfully submitted,

                                               /s/ Joe Cavanaugh
                                               Joe Cavanaugh
                                               Ashley Grey**
                                               HOGAN LOVELLS US LLP
                                               555 Thirteenth Street, NW
                                               Washington, DC 20004
                                               (202) 637-5600
                                               joe.cavanaugh@hoganlovells.com

                                               Emma A. Andersson[*]
                                               AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                                               125 Broad Street – 18th floor
                                               New York, NY 10004
                                               (347) 931-6337
                                               eandersson@aclu.org

                                               Nathan Pysno***
                                               NATIONAL ASSOCIATION OF CRIMINAL DEFENSE
                                               LAWYERS
                                               1660 L Street, NW, 12th Floor
                                               Washington, DC 20036
                                               npysno@nacdl.org
                                               202-465-7627

                                               *Motion for admission *pro hac vice* forthcoming
                                               **Application for admission forthcoming
                                               ***Application for admission pending
                                               *Attorneys for Plaintiffs*